UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERTO LEDEZMA,

                                Plaintiff,

        v.

JEANNE YOUNGQUIST, et al.,

                                Defendants.

CASE NO. C18-1553-JCC-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Alberto Ledezma, an inmate at the Skagit County Justice Center (SCJC), proceeds pro se and *in forma pauperis* in this civil rights matter pursuant to 42 U.S.C. § 1983.  The Court, for the reasons set forth below, recommends pending motions to dismiss filed by the named defendants (Dkts. 10, 12 & 16) be GRANTED and plaintiff's claims against those individuals be DISMISSED.  The Court further recommends plaintiff be granted a limited opportunity to submit an amended complaint.

## DISCUSSION

Plaintiff alleges deliberate indifference to his medical/dental needs and denial of due process and deliberate indifference to his health and safety through his placement in segregation.

REPORT AND RECOMMENDATION
PAGE - 1

(Dkt. 4.)  Plaintiff also raises a number of generalized allegations associated with the SCJC facility, including that the failure to train inmates on the "S-Phone" system deprives them of adequate access to the law library and courts, "sexual abuse by voyeurism" through placement of surveillance cameras in cells, excessive illumination in cells, an absence of windows, denial of dental hygiene/dental floss, and a lack of civil legal supplies. (*Id.*) Other claims are either incomprehensible, such as "Anarchism and Liberty," or generally allege "officials prisoners lack/training" and "in concert action." (*Id.* at 14-16.)  Plaintiff identifies Skagit County Auditor Jeanne Youngquist, Skagit County Chief of Corrections Don Marlow, and Skagit County Commissioner Ken Dahlstedt as defendants.  He seeks damages and injunctive relief.  (*Id.* at 4.)[1]

The Court provided for service on defendants and each defendant subsequently filed a Motion to Dismiss in lieu of filing an answer to the complaint.  (Dkts. 10, 12 & 16.)  Plaintiff did not oppose any of these dispositive motions.

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal may be based on either the lack

---

[1] It should be noted that several SCJC inmates recently raised strikingly similar allegations against the same or similar defendants, *see Sanchez v. Youngquist*, C18-1355-BJR-MAT (Dkt. 12); *Kollmar v. Youngquist*, C18-1552-RAJ-JPD (Dkt. 6), including an individual to whom the "three strikes rule" of 28 U.S.C. § 1915(g) applies, *Irby v. Skagit County*, C18-1334-JLR-MAT (Dkt. 6); *Irby v. Skagit County*, C18-1035-JLR-BAT (Dkt. 9).  Also, in the current case, the second page of the Complaint identifies a different individual – "Greg Castro Rodriguez" – as the plaintiff.  (Dkt. 4 at 2.)

REPORT AND RECOMMENDATION
PAGE - 2

1  of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory.

2  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3  In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as

4  true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v.*

5  *Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).  The Court

6  also liberally construes a *pro se* pleading.  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010);

7  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  However, the Court "may not supply essential

8  elements of the claim that were not initially pled."  *Pena*, 976 F.2d at 471.  Further, "'conclusory

9  allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to

10  dismiss."  *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).  *See*

11  *also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported

12  by mere conclusory statements, do not suffice.")  A pro se complaint may be dismissed "'if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief.'"  *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017)

15  (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

16  As a general rule, the Court may not consider materials outside the pleadings in ruling on

17  a Rule 12(b)(6) motion to dismiss.  Fed. R. Civ. P. 12(d).  While the parties in this case attached

18  declarations and some documents to their motions, the undersigned finds no need to consider

19  materials outside the pleadings in recommending this matter for dismissal.

20  In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of

21  rights protected by the Constitution or created by federal statute, and (2) that the violation was

22  proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S.

23  42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second

REPORT AND RECOMMENDATION
PAGE - 3

prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act or prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff presents a long list of accusations about events occurring at and associated with his confinement, and about general conditions at the SCJC. However, he fails to clearly connect his multitude of complaints to the defendants named. There is no indication of any personal involvement or causal connection between plaintiff's allegations and Skagit County Auditor Youngquist, Skagit County Commissioner Dahlstedt, or Chief Marlow. The pleading, instead, appears to presume Youngquist and Dahlstedt bear responsibility over SCJC given their Skagit County titles, and rests the allegations against Marlow entirely on his supervisory role. (*See, e.g.*, Dkt. 4 at 5, 11.) Because there does not appear to be any basis for claims against these individuals, plaintiff's claims against Youngquist, Dahlstedt, and Marlow should be dismissed.

REPORT AND RECOMMENDATION
PAGE - 4

It is not clear whether plaintiff also intended to identify Skagit County as a defendant. A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). It is not sufficient to merely identify conduct attributable to the municipality. *Id*. at 404. A § 1983 plaintiff must also show the municipality, through its deliberate conduct, was the "'moving force' behind the injury alleged" and acted with the "requisite degree of culpability[,]" and that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Id*. In this case, while asserting the existence of relevant policies, customs, rules, and/or statutes, plaintiff fails to identify with sufficient clarity a policy or custom of Skagit County causing the harm alleged. Accordingly, any claim against the County would also be subject to dismissal.

Finally, although not named in the Complaint, plaintiff appears to indicate a desire to sue Jane and John Doe defendants. (*See* Dkt. 4 at 5-6.) His generalized complaints about the conditions of confinement at the SCJC are insufficient to state a viable claim for relief under § 1983. To proceed with more individualized allegations against Doe defendants regarding his medical issues and placement in segregation, plaintiff would have to provide more specificity and clarity, including showing such claims comport with the standards set forth above for stating a claim under § 1983. He would have to identify the constitutional right violated and by whom, set forth the facts supporting each claim, including dates, times, locations, and the identities of the people involved, describe exactly what each defendant did or failed to do that caused his injury or

violated his rights, and state with specificity the injury, harm, or damages he suffered.[2]  Also, pursuit of these claims would require prior exhaustion of the SCJC's administrative procedures for grievances.  *See* 42 U.S.C. § 1997e(a).

CONCLUSION

The Court, in sum, finds plaintiff fails to state a claim against any of the defendants named in the Complaint.  Accordingly, the motions to dismiss filed by named defendants Youngquist, Dahlstedt, and Marlow (Dkts. 10, 12 & 16) should be GRANTED and plaintiff's claims against these individuals should be DISMISSED.   However, to the extent plaintiff is able to identify individual Doe defendants and set forth claims against those individuals comporting with the requirements discussed above, he should be provided an opportunity to do so by submitting an Amended Complaint within **thirty (30) days** of the date of this Report and Recommendation. Should plaintiff fail to do so, this action should be dismissed in its entirety.   A proposed Order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

---

[2] With a medical claim, plaintiff would have to allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs[,]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), wherein the failure to treat his condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoted source omitted). To establish deliberate indifference in relation to medical issues or his health and safety in segregation, plaintiff would have to demonstrate: (1) the defendant made an intentional decision with respect to the conditions of his confinement; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk; and (4) the defendant caused plaintiff injury.  *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017).  With a due process claim, plaintiff would have to show the purpose of his placement in segregation was to punish him, and that he suffered harm or disability significantly exceeding, or independent of, the inherent discomforts of his confinement.  *Demery v. Arpaio*, 378 F.3d 1020, 1028-29 (9th Cir. 2004).

REPORT AND RECOMMENDATION
PAGE - 6

and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 26, 2019**.

DATED this 2nd day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7